UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEM GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS FALCO III individually and in their official capacity as a law enforcement officer for the Rockland County Sheriff's Office, JOHN DOE 1 and JOHN DOE 2 individually and in their official capacities as law enforcement officers for the Rockland County Sheriff's Office, ROCKLAND COUNTY SHERIFF'S OFFICE, ROCKLAND COUNTY, JANE DOE individually and in her official capacity as a representative of the New York State Office of Children and Family Services,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff, Sem Gonzalez, (hereafter "Plaintiff"), by and through the undersigned counsel hereby files this complaint for compensatory and punitive damages against Defendants LOUIS FALCO III individually and in their official capacity as a law enforcement officer for the Rockland County Sheriff's Office, JOHN DOE 1 and JOHN DOE 2, individually and in their official capacities as law enforcement officers for the Rockland County Sheriff's Office, ROCKLAND COUNTY SHERIFF'S OFFICE, ROCKLAND COUNTY, and JANE DOE, individually and in her official capacity as a representative of the New York State Office of Children and Family Services, (collectively "Defendants") alleging the following:

**NATURE OF CAUSE**

1

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff Sem Gonzalez's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. The action arises from the unlawful conduct of personnel from the Rockland County Sheriff's Department, who knowingly and willfully violated a direct and lawful court order by detaining Plaintiff, a juvenile minor, in an adult jail facility.

2. On August 30, 2022, the Honorable Judge Rachel Tanguay, J.S.C., issued a lawful remand order in open court, directing that Plaintiff be transported to a juvenile detention facility. The order was clear, specific, and legally binding.

3. During the time of the order, New York's Raise the Age Law was, and still is, in effect. This law was enacted to prevent juveniles aged sixteen (16) and seventeen (17) from being automatically prosecuted as adults in the criminal justice system. It requires that youths be held in specialized facilities for young people rather than adult jails or prisons, and it provides access to the rehabilitative focus of Family Court. The law ensures that youths receive age-appropriate services, are housed separately from adults, and have a better opportunity to move forward without the lifelong burden of an adult criminal record. It also recognizes that sixteen- and seventeen-year-olds are still developing and may not be as culpable as adults.

4. Despite the judge's clear order and the protections afforded under state and federal law, seventeen-year-old Sem Gonzalez was unlawfully jailed in an adult facility. This act was unjust and in direct violation of his rights under the Fourth, Eighth, and Fourteenth Amendments, actionable pursuant to 42 U.S.C. § 1983.

5. While confined in the adult jail, Plaintiff was shackled at the ankles to a cot and detained with adult inmates for a period exceeding fourteen (14) hours, exposing him to physical and psychological harm in direct violation of his constitutional rights. This reckless and avoidable mistake caused Plaintiff to experience the very harms that the Raise the Age Law was enacted to prevent. As a result of being wrongfully detained in an adult facility, Plaintiff suffered severe trauma, and his life has been permanently affected.

6. Plaintiff's complaint seeks to hold accountable those responsible for his unlawful detention while also bringing awareness to this systemic neglect to prevent similar harm to other youths in the future.

7. Defendants' conduct constituted a deliberate disregard of both the court's order and the legal standards governing the detention of juveniles, resulting in Plaintiff's unlawful confinement and deprivation of his constitutional rights.

8. Plaintiff brings this action to ensure that such egregious mistreatment of juveniles does not recur and that the individuals and agencies responsible for his illegal confinement are held accountable.

**PARTIES, JURISDICTION, AND VENUE**

9. Plaintiff Sem Gonzalez is a resident of the State of New York and, at all relevant times, was a minor adjudicated as a juvenile delinquent under Section 301.2 of the New York Family Court Act.

10. Upon information and belief, Defendants John Doe 1 and John Doe 2 (hereinafter "Defendant Officers") are residents of the State of New York and are individuals who, at all relevant times, were employed as law enforcement officers with the Rockland County

Sheriff's Office in Rockland County, New York. They are sued both in their individual and official capacities.

11. Upon information and belief, Defendant Louis Falco (hereinafter "Defendant Falco") is a resident of the State of New York and an individual who, at all relevant times, was employed as a law enforcement officer with the Rockland County Sheriff's Office in Rockland County, New York. He is sued both in his individual and official capacity.

12. Upon information and belief, Defendant Rockland County Sheriff's Office (hereinafter "Defendant RCSO") is a municipal law enforcement agency with its principal place of business located in Rockland County, New York. Defendant RCSO engages in foreseeable, intentional, continuous, and systematic contacts within Rockland County, operates its law enforcement services throughout the county, and is responsible for the training, supervision, and conduct of its deputies and personnel, including Defendant Officers.

13. Upon information and belief, Defendant Jane Doe is a resident of the State of New York and is an individual who, at all relevant times, was employed by the New York State Office of Children and Family Services (OCFS) and acted in her capacity as a representative or employee thereof. She is sued in both her individual and official capacities.

14. Upon information and belief, Defendant Rockland County (hereinafter 'Defendant RC') is a municipal agency with its headquarters in Rockland County, New York. Defendant RC maintains extensive, intentional, continuous, and systematic contacts within Rockland County through the administration of child welfare and juvenile justice services, and the events giving rise to this action occurred within this judicial district, thus subjecting it to personal jurisdiction. At all relevant times, Defendant RC employed Defendants and was responsible for their actions within the scope of their employment.

4

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the Constitution and laws of the United States, including but not limited to 42 U.S.C. § 1983, which provides a remedy for the deprivation of rights secured by the Constitution by persons acting under color of state law.

16. Jurisdiction is also conferred by 28 U.S.C. § 1343(a)(3) and (a)(4), which provide the this court with original jurisdiction over actions to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the Constitution or laws of the United States, and to recover damages or obtain equitable relief under any Act of Congress providing for the protection of civil rights.

17. Venue is proper in the Southern District of New York because Defendants are subject to this court's personal jurisdiction.

## ALLEGATIONS

18. Plaintiff is a juvenile delinquent as defined under Section 301.2 of the New York Family Court Act.

19. On August 30, 2022, Plaintiff was remanded by the Honorable Rachel Tanguay, J.S.C., during proceedings held in open court.

20. Pursuant to the remand order, Plaintiff was to be placed in the custody of the Rockland County Sheriff's Department for immediate transport to a juvenile detention facility located in Monroe County, New York.

21. Notwithstanding the express and lawful directive issued by Judge Tanguay and memorialized in a valid commitment order, Defendant Officers willfully disregarded the court's order. Acting on inaccurate information provided by an Jane Doe of the Office of Children and Family Services (OCFS), who erroneously misclassified Plaintiff as an

5

"adolescent offender", Defendants then transported Plaintiff to the adult correctional facility operated by the Rockland County Sheriff's Department in New City, New York.

22. At that facility, in clear violation of state and federal law, Plaintiff, a minor, was shackled at the ankles to a cot and detained in close proximity to adult inmates for a period exceeding fourteen (14) hours, exposing him to physical and psychological harm in direct violation of his constitutional rights.

23. Plaintiff is currently unaware of the true names and identities of additional individuals involved in the violations described herein, including but not limited to officers, supervisors, and employees of the Rockland County Sheriff's Department and Rockland County. These individuals are sued herein as John and/or Jane Does 1 through 10. Plaintiff reserves the right to amend this complaint to substitute the true names of these Defendants when their identities become known.

24. Plaintiff also seeks to hold accountable additional unidentified individuals who participated in or facilitated the violations of his constitutional rights, including unknown officers and agency staff, whose identities will be discovered during the course of litigation.

25. As a result of Defendant's actions, Plaintiff suffered severe emotional distress and chronic physical injuries which were brought on by the traumatic effect of his illegal incarceration with adult criminals, as well as being shackled to a bed for fourteen hours.

## COUNT I
**Violation of the Eighth Amendment – Cruel and Unusual Punishment**
**(42 U.S.C. § 1983)**

26. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

27. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment.

28. Defendants, acting under color of state law, knowingly subjected Plaintiff, a juvenile delinquent as defined under Section 301.2 of the New York Family Court Act, to unlawful conditions of confinement by detaining him in an adult jail facility, contrary to the express order of the Honorable Rachel Tanguay, J.S.C.

29. Plaintiff was shackled to a cot and held in proximity to adult inmates for over fourteen (14) hours, despite being legally entitled to detention only in a certified juvenile facility.

30. These acts subjected Plaintiff to unnecessary physical restraint and extreme psychological harm, thereby violating his rights under the Eighth Amendment.

## COUNT II
### Violation of the Fourteenth Amendment – Substantive Due Process
### (42 U.S.C. § 1983)

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

32. The Fourteenth Amendment prohibits state actors from depriving any person of life, liberty, or property without due process of law.

33. Defendants, under color of state law, disregarded a lawful court order directing that Plaintiff be placed in a juvenile detention facility, and instead detained him in an adult correctional facility without legal justification or procedural safeguards.

34. As a result of this arbitrary and unauthorized action, Plaintiff suffered a deprivation of his liberty and endured unlawful incarceration conditions in violation of his substantive due process rights.

## COUNT III

### Violation of the Fourteenth Amendment – Equal Protection Clause
### (42 U.S.C. § 1983)

35. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

36. The Equal Protection Clause of the Fourteenth Amendment guarantees that similarly situated individuals be treated alike under the law.

37. Plaintiff, a juvenile delinquent entitled to detention in a youth facility, was instead treated as an adult offender and subjected to harsher and more dangerous conditions than others similarly situated.

38. By treating Plaintiff differently from other juveniles without any rational or legal basis, Defendants violated his right to equal protection under the law.

### COUNT IV
### Violation of New York Judiciary Law § 753
### Civil Contempt of Court

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

40. Pursuant to New York Judiciary Law § 753(A)(1), a sheriff or other officer who willfully disobeys a lawful mandate of the court may be held in civil contempt.

41. Defendant Officers are deputies of the Rockland County Sheriff's Department and were received direction when Judge Tanguay issued a clear and specific order remanding Plaintiff to a juvenile detention facility.

42. Despite this lawful directive, Defendants willfully ignored the mandate and instead transported Plaintiff to an adult correctional facility.

43. Such disobedience constitutes a knowing and deliberate act of civil contempt under New York law.

## COUNT V
### Deprivation of Civil Rights Under Color of State Law
### (42 U.S.C. § 1983)

44. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

45. At all relevant times, Defendant Officers acted under color of state law in their capacities as deputies of the Rockland County Sheriff's Department.

46. By violating Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution, and by failing to follow the lawful order of a New York State judge, Defendant Officers subjected Plaintiff to a deprivation of his civil rights in violation of 42 U.S.C. § 1983.

## COUNT VI
### Municipal Liability Under Monell v. Department of Social Services
### (42 U.S.C. § 1983)

47. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

48. Defendant RCSO and Rockland County, through its Sheriff's Department and employees, maintained customs, policies, and/or practices that directly caused the constitutional violations described above.

49. These customs and policies include, but are not limited to:

    a)     Failure to train or supervise deputies on the proper classification and handling of juvenile delinquents in compliance with the Family Court Act and relevant constitutional standards;

    b)     Allowing or encouraging deputies to disregard court orders without consequence;

    c)     Permitting juveniles to be detained in adult facilities in violation of federal and state law, including the Juvenile Justice and Delinquency Prevention Act (JJDPA).

50. The wrongful acts described herein were not isolated incidents, but the result of deliberate indifference to the constitutional rights of juveniles in the County's custody.

51. Defendant RCSO, through deliberate indifference, caused or substantially contributed to Plaintiff's unlawful confinement and the resulting physical and emotional harm, in violation of 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Sem Gonzalez hereby demands judgement in his favor and against defendants as follows:

A. Compensatory Damages in an amount to be determined at trial, for physical pain, emotional distress, humiliation, and psychological trauma caused by Defendants' actions;

B. Punitive Damages against the individual Defendants for their willful and reckless disregard of Plaintiff's constitutional rights;

C. Declaratory Relief stating that the conduct of the Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution and New York State law;

D. Injunctive Relief, if appropriate, to require Rockland County to implement proper policies, training, and supervision regarding the treatment and classification of juvenile detainees;

E. Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988 and any other applicable provision of law;

F. Pre- and Post-Judgment Interest as allowed by law; and

G. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Sem Gonzalez, demands a trial by jury on all issues so triable of right.

Dated: October 24, 2025                     Respectfully submitted,

                                       By:   /s/ Samuel E. Manrique
                                                Samuel E. Manrique, Esq.
                                                Manrique Law
                                                130 North Main Street, Suite 101
                                                New City, NY 10956
                                                (917) 426-5927
                                                ManriqueLawGroup@gmail.com
                                                *Attorney for Plaintiff*