Samuel E. Manrique, Esq.
Manrique Law PLLC
130 North Main Street, Suite 101
New City, NY 10956
(917) 426-5927
ManriqueLawGroup@gmail.com

Date: December 8, 2025

Hon. Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Application for a discovery dispute conference is denied as premature. The Court notes that in addition to the John and Jane Doe Defendants, the Complaint appears to identify and name as Defendants the Rockland County Sheriff's Office, Rockland County, and Louis Falco III. No Defendant has appeared in this case. Indeed, no Defendant has yet been served with process. Plaintiff has not served summonses upon the named Defendants, nor has he even requested the issuance of summonses as to those Defendants he has identified. Accordingly, any discovery dispute conference request is denied as premature. To the extent Plaintiff seeks the Court's "guidance" concerning an alleged "impossible procedural loop," that request is denied as the Court does not provide legal advice.

The Clerk of Court is respectfully requested to terminate the letter-motion pending at Doc. 5.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        December 9, 2025

Re: *Gonzalez v. Falco et al.*, 7:25-cv-08554-PMH
**LETTER-MOTION FOR DISCOVERY CONFERENCE (Rule 4(D))**

Dear Judge Halpern:

Pursuant to Rule 4(D) of Your Honor's Individual Practices, Plaintiff respectfully requests a discovery conference regarding the Rockland County Sheriff's Office's refusal to comply with Plaintiff's Rule 45 subpoena seeking the identities of the "John Doe" deputy sheriffs named in the Complaint. Plaintiff also requests the Court's guidance regarding how the meet-and-confer process should proceed with a non-party governmental agency.

1. Background of the Dispute The Complaint alleges constitutional violations arising from Plaintiff's unlawful detention as a juvenile in an adult jail. The identities of the deputy sheriffs involved in Plaintiff's transport and detention on August 30–31, 2022 are essential to prosecuting this action and can only be obtained from Rockland County. Today, Plaintiff served a Rule 45 subpoena seeking the names, badge numbers, and assignment records for the deputies involved. Later the same day, Plaintiff received an email from County paralegal Raven Szobonya requesting proof of service of a summons and complaint, even though summonses cannot issue without first identifying the Doe defendants.

Plaintiff contacted the County Attorney's Office and spoke with Assistant Principal County Attorney Jeanne Gilbert. Plaintiff explained that the subpoena seeks only identifying information and that a summons cannot be issued until those identities are known. Ms. Gilbert stated that the County would not provide the identities without either a summons naming the deputies or a statute compelling disclosure.

2. Plaintiff attempted in good faith to resolve the issue via telephone, but the County made clear it would not provide identifying information absent a court order. Because the County is a non-party and will not engage substantively, Plaintiff cannot complete the meet-and-confer process required by Rule 37(a)(1) without Court direction.

3. Basis for Court Intervention The County's position creates an impossible procedural loop: a summons cannot issue without names, and the County will not provide names without a summons. Plaintiff seeks no sealed juvenile information—only the names of government employees involved in Plaintiff's custody.

4. Relief Requested Plaintiff respectfully requests that the Court: - Schedule a discovery conference under Rule 4(D); - Provide direction regarding how the meet-and-confer process should occur with the non-party County Attorney's Office, including whether it may occur by Webex or telephone, or whether Plaintiff's efforts are sufficient to proceed directly to a motion to compel; and - Following the conference, either grant leave to file a motion to compel under Rules 37(a) and 45(g), or issue a limited order directing the County to identify the deputies and, if necessary, unseal records solely to the extent required to provide their identities.

Thank you for the Court's consideration.

Respectfully submitted:

Samuel E. Manrique
Attorney for Plaintiff